Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Laila Babaeian, SBN 307444
laila@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MONOGRAM HUB INC., a New York Corporation; ISAAC MATALON, an individual, dba HUNTFORJEWELS.COM; MONOGRAM ONLINE, INC., a New York Corporation; DEALTOWIN, INC., a New York Corporation; SHLOMI MATALON, an individual; JAY-AIMEE DESIGNS INC., a New York Corporation; MITCH BOOKBINDER, an individual; YOFI LLC, a Florida Limited Liability Company, dba FESHIONN IOBI; OREN MONINA, an individual; STACI MONINA, an individual and DOES 1-10; <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT;** <br><br> **2. CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

MILORD & ASSOCIATES, PC<br>10517 West Pico Boulevard<br>Los Angeles, CA 90064<br>(310) 226-7878

-1-

COMPLAINT – Jury Demand

Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") by and through its undersigned attorney, sues Defendants Monogram Hub Inc., Isaac Matalon dba huntforjewels.com, Monogram Online, Inc., DealtoWin, Inc., Shlomi Matalon, Jay-Aimee Designs Inc., Mitch Bookbinder, Yofi LLC dba Feshionn IOBI, Oren Monina, Staci Monina and Does 1-10 and alleges:

## JURISDICTION AND VENUE

1.      This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), (c), and 1400(a) because Defendants conduct business in this District by advertising in and shipping goods to this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3.      Plaintiff LA Gem is a California corporation having a place of business at 659 S. Broadway, Los Angeles, California 90014.  LA Gem also provides services and goods under its LA Rocks service mark and trademark.

4.      Upon information and belief, Defendant Monogram Hub Inc. ("Monogram Hub"), is a New York Corporation with its principal place of business located at 13 Crampton Avenue, Great Neck, New York 11023, and Monogram Hub does business in and with the State of California and, in particular, within this District.

5.      Upon information and belief, Defendant Isaac Matalon dba huntforjewels.com ("I. Matalon") is and at all times herein mentioned was an individual residing in the state of New York, a principal and/or owner of Monogram Hub and huntforjewels.com, and does business in and with the State of California and, in particular, within this District.  Plaintiff is further informed and believes, and upon that

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1  basis alleges, that I. Matalon is a principal, guiding spirit, and/or central figure in

2  Defendant Monogram Hub and has control over the day to day operations thereof, and

3  directly benefits from the tortious conduct alleged herein.

4         6.      Upon information and belief, Defendant Monogram Online, Inc.

5  ("Monogram Online"), is a New York Corporation, with its principal place of business

6  located at 575 Underhill Boulevard, Suite 216, Syosset, New York 11791, and

7  Monogram Online does business in and with the State of California and, in particular,

8  within this District.

9         7.      Upon information and belief, Defendant DealtoWin, Inc. ("DealtoWin"), is a

10  New York Corporation, with its principal place of business located at 99 Railroad Station

11  Plaza, Suite 210, Hicksville, New York 11801, and DealtoWin does business in and with

12  the State of California and, in particular, within this District.  Plaintiff is further informed

13  and believes, and upon that basis alleges, that a relationship exists between DealtoWin

14  and Monogram Online that at the present state is unknown, and DealtoWin is a principal,

15  guiding spirit, and/or central figure in Monogram Online, has control over the day to day

16  operations thereof, and directly benefits from the tortious conduct alleged herein.

17         8.      Upon information and belief, Defendant Shlomi Matalon ("S. Matalon") is

18  and at all times herein mentioned was an individual residing in the state of New York, a

19  principal and/or owner of DealtoWin and Monogram Online, and does business in and

20  with the State of California and, in particular, within this District.  Plaintiff is further

21  informed and believes, and upon that basis alleges, that S. Matalon is a principal, guiding

22  spirit, and/or central figure in DealtoWin and Monogram Online, and has control over the

23  day to day operations thereof, and directly benefits from the tortious conduct alleged

24  herein.

25         9.      Upon information and belief, Defendant Jay-Aimee Designs Inc. ("Jay-

26  Aimee"), is a New York Corporation, with its principal place of business located at 99

27  Railroad Station Plaza., Suite 210, Hicksville, New York 11801, and Jay-Aimee does

28  business in and with the State of California and, in particular, within this District.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**COMPLAINT – Jury Demand**

10.     Upon information and belief, Defendant S. Matalon is a principal, owner, guiding spirit, and/or central figure in Jay-Aimee and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

11.     Upon information and belief, Defendant I. Matalon is also a principal, owner, guiding spirit, and/or central figure in Jay-Aimee and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

12.     Upon information and belief, Defendant Mitch Bookbinder ("Bookbinder") is and at all times herein mentioned was an individual residing in the state of New York, a principal and/or owner of Jay-Aimee, and does business in and with the State of California and, in particular, within this District.  Plaintiff is further informed and believes, and upon that basis alleges, that Bookbinder is a principal, guiding spirit, and/or central figure in Jay-Aimee and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

13.     Upon information and belief, Defendant Yofi LLC dba Feshionn IOBI ("Feshionn"), is a Florida Limited Liability Company with its principal place of business located at 9121 Military Trail, Suite 217, Palm Beach Gardens, Florida 33410, and Feshionn does business in and with the State of California and, in particular, within this District.

14.     Upon information and belief, Defendant Oren Monina ("O. Monina") is and at all times herein mentioned was an individual residing in the state of Florida, a principal and/or owner of Feshionn, and does business in and with the State of California and, in particular, within this District.  Plaintiff is further informed and believes, and upon that basis alleges, that O. Monina is a principal, guiding spirit, and/or central figure in Defendant Feshionn and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

15.     Upon information and belief, Defendant Staci Monina ("S. Monina") is and at all times herein mentioned was an individual residing in the state of Florida, a principal and/or owner of Feshionn, and does business in and with the State of California and, in

**COMPLAINT – Jury Demand**

particular, within this District.  Plaintiff is further informed and believes, and upon that basis alleges, that S. Monina is a principal, guiding spirit, and/or central figure in Feshionn and has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein.

16.     Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed LA Gem's copyrights, have contributed to the infringement of LA Gem's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of Does 1 through 10, inclusive, are presently unknown to LA Gem, and therefore, are being sued by such fictitious names, and LA Gem will seek leave to amend this Complaint to include their true names and capacities when the same have been ascertained.

17.     LA Gem is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of LA Gem's rights and the damages to LA Gem proximately caused thereby.

**FACTS COMMON TO ALL COUNTS**

18.     LA Gem is a designer and creator of jewelry whose jewelry pieces are sold by numerous national retailers.

19.     LA Gem is the designer and creator of the original artwork (as hereinafter described), all prior to Defendants' conduct complained of herein.

20.     Upon information and belief, Defendants Monogram Hub, I. Matalon, Monogram Online, DealtoWin, S. Matalon, Jay-Aimee, Bookbinder, Feshionn, O. Monina and S. Monina, are retailers, manufacturers, and/or distributors of jewelry to the jewelry industry, and are in the business of manufacturing, marketing, and selling jewelry

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

products that are available for purchase and use across the United States, including in this District.

## COMMON ALLEGATIONS RELATED TO
## MOON PENDANT

21.    In 2011, LA Gem created its original design entitled LA Rocks I Love You to the Moon and Back: 440811 ("Moon Pendant"), as pictured below:



22.    Thereafter, LA Gem sought to register the copyright in the Moon Pendant with the United States Copyright Office, and was granted such registration on November 21, 2013, under Registration No. VA 1-912-320.

23.    At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the Moon Pendant.  The Moon Pendant is an original work copyrightable under the Copyright Act, and has been registered in full compliance with the Copyright Act.

24.    Since the creation of the Moon Pendant, LA Gem has been and still is the sole proprietor of all rights, title, and interest in and to the copyright therein and Certificates of Registration corresponding therewith.

25.    Since its creation, the Moon Pendant has been manufactured and/or distributed by LA Gem or under its authority.

26.    LA Gem has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Moon Pendant or any jewelry products substantially similar thereto.

27.    Upon information and belief, Defendants have engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of the Moon

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1    Pendant.

2        28.    Upon information and belief, Defendants Monogram Hub, I. Matalon,

3    Monogram Online, DealtoWin, S. Matalon, Jay-Aimee, Bookbinder, Feshionn, O.

4    Monina and S. Monina have sold unauthorized and infringing copies of at least the Moon

5    Pendant, which bear a design that is substantially similar – if not strikingly similar – to

6    the authentic Moon Pendant at retail, at wholesale, and through retailers, including

7    monogramhub.com, huntforjewels.com, monogramonline.com, opensky.com,

8    livingsocial.com, groupon.com, and feshionnIOBI.com.  The infringement is so brazen

9    that it copies LA Gem's Designer's cursive handwriting.  All of the foregoing acts

10   occurred without LA Gem's consent.

11       29.    Upon information and belief, Defendants Monogram Hub, I. Matalon,

12   Monogram Online, DealtoWin, S. Matalon, Jay-Aimee, Bookbinder, Feshionn, O.

13   Monina and S. Monina have sold the unauthorized infringing copies of the Moon Pendant

14   to the public, including customers in this district, at retail, at wholesale, and through

15   retailers, including monogramhub.com, huntforjewels.com, monogramonline.com,

16   opensky.com, livingsocial.com, groupon.com, and feshionnIOBI.com.

17

18                    **COMMON ALLEGATIONS RELATED TO**

19                      **MOM PENDANT NOS. 1 AND 2**

20       30.    In 2013, LA Gem created its original design entitled LA Rocks I Love You

21   to the Moon and Back:  451711CL, et al., including its Design No. 451713 ("Mom

22   Pendant No. 1"), as pictured below:

23

24   

25

26       31.    Thereafter, LA Gem sought to register the copyright in Mom Pendant No. 1

27   with the United States Copyright Office, and was granted such registration on November

28   25, 2013, under Registration No. VA 1-889-369.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

32.     At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and secured the exclusive rights and privileges in and to Mom Pendant No. 1.  Mom Pendant No. 1 is an original work copyrightable under the Copyright Act, and has been registered in full compliance with the Copyright Act.

33.     In 2014, LA Gem created its original design entitled LA Rocks I Love You to the Moon and Back Collection:  453547 ("Mom Pendant No. 2"), which is a derivative work of Mom Pendant No. 1, as pictured below:



34.     Since the creation of Mom Pendant Nos. 1 and 2 (collectively, "Mom Pendants"), LA Gem has been and still is the sole proprietor of all rights, title and interest in and to the copyrights therein.

35.     Since their creation, the Mom Pendants have been manufactured and/or distributed by LA Gem or under its authority.

36.     LA Gem has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Mom Pendants or any jewelry products substantially similar thereto.

37.     Upon information and belief, Defendants have engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of the Mom Pendants.

38.     Upon information and belief, Defendants Monogram Online, DealtoWin, and S. Matalon have sold unauthorized and infringing copies of at least the Mom Pendants, which bear a design that is substantially similar – if not strikingly similar– to the authentic Mom Pendants at retail, at wholesale, and through retailers, including

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

monogramonline.com.  The infringement is so brazen that it copies LA Gem's Designer's cursive handwriting.  All of the foregoing acts occurred without LA Gem's consent.

39.    Upon information and belief, Defendants Monogram Online, DealtoWin, and S. Matalon have sold the unauthorized infringing copies of the Mom Pendants to the public, including customers in this district, at retail, at wholesale, and through retailers, including monogramonline.com.

40.    For the Court's convenience, the following table sets forth Plaintiff's designs at issue (collectively "Subject Designs") and the currently known infringers' identities and infringing products:

| L.A. Gem Copyrighted Design | Infringing Defendants' Products |
|---|---|
| Moon Pendant<br>Registration No.:  VA 1-912-320<br><br> | • Monogram Hub<br>• I. Matalon<br><br> |
|  | • Monogram Online<br>• DealtoWin<br>• S. Matalon<br><br> |

**COMPLAINT – Jury Demand**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| | • Jay-Aimee<br>• S. Matalon<br>• I. Matalon<br>• Bookbinder<br><br> |
| | • Feshionn<br>• O. Monina<br>• S. Monina<br><br> |
| <u>Mom No. 1</u><br>Registration No.:  VA 1-889-369<br><br><br><br><u>Mom No. 2</u><br><br> | • Monogram Online<br>• DealtoWin<br>• S. Matalon<br><br> |

**COMPLAINT – Jury Demand**

## First Cause Of Action

(Copyright Infringement)

41.     LA Gem hereby realleges and incorporates the allegations in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     Defendants' acts constitute infringement of LA Gem's copyright in the Moon Pendant and Mom Pendants (collectively, "LA Gem's Pendants") in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

43.     LA Gem is informed and believes that Defendants' manufacture, distribution, duplication and/or sale of infringing copies of LA Gem's Pendants was deliberate, willful, malicious, oppressive, and without regard to LA Gem's proprietary rights.

44.     Defendants' copyright infringement has caused, and will continue to cause LA Gem to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyright in LA Gem's Pendants and further, has damaged LA Gem's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined.  In addition, LA Gem is entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, LA Gem is entitled to recover statutory damages, on election by LA Gem in an amount of up to $150,000 per copyright registration.

45.     Defendants' copyright infringement and the threat of continuing infringement has caused, and will continue to cause, LA Gem repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford LA Gem adequate relief at law for Defendants' acts and continuing acts.  LA Gem's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants.  Therefore, LA Gem is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of LA Gem's Pendants, and all molds by which such infringing copies were produced, be seized, impounded, and

1    destroyed.

2        46.    LA Gem is also entitled to recover its attorneys' fees and cost of suit

3    pursuant to 17 U.S.C. § 505.

4

5                          **Second Cause of Action**

6              (Contributory and/or Vicarious Copyright Infringement)

7        47.    LA Gem hereby realleges and incorporates the allegations in paragraphs 1

8    through 46 of this Complaint as if fully set forth herein.

9        48.    LA Gem is informed and believes, and thereon alleges, that Defendants, and

10   each of them, knowingly induced, participated in, aided and abetted, and resultantly

11   profited from the illegal reproduction, importation, purchase, distribution, and/or sale of

12   products bearing LA Gem's Pendants as alleged in this Complaint.

13       49.    LA Gem is informed and believes, and thereon alleges, that Defendants, and

14   each of them, are vicariously liable for the copyright infringement alleged in this

15   Complaint because they had the right and the ability to supervise such infringement and

16   because they had a direct financial interest in the infringing conduct.

17       50.    By virtue of Defendants' contributory and/or vicarious copyright

18   infringement, LA Gem has suffered substantial damages to its business in an amount to

19   be established at trial.

20       51.    By virtue of Defendants' contributory and/or vicarious copyright

21   infringement, LA Gem has suffered general and special damages in an amount to be

22   established at trial.

23       52.    By virtue of Defendants' contributory and/or vicarious copyright

24   infringement, Defendants, and each of them, have obtained direct and indirect profits that

25   they would not have realized but for their infringement of LA Gem's Pendants.  As such,

26   LA Gem is entitled to disgorgement of Defendants' profits that are directly and indirectly

27   attributable to their acts of infringement in an amount to be established at trial.

28       53.    LA Gem is informed and believes, and thereon alleges, that Defendants, and

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**COMPLAINT – Jury Demand**

each of them, have continued to import, manufacture, cause to be manufactured, and/or sell the infringing product with knowledge that such acts violated LA Gem's intellectual property rights. Therefore, Defendants' acts of copyright infringement as alleged above, were and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per each act of infringement. Further, Defendants, and each of them, willfully and intentionally misappropriated, palmed-off, and/or infringed LA Gem's Pendants, which renders Defendants, and each of them, liable for statutory damages as described above. Within the time permitted by law, LA Gem will elect between actual or statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LA Gem prays for judgment against Defendants as follows:

A.      That the Court enter a judgment against Defendants that Defendants have infringed the rights of LA Gem in LA Gem's federally registered copyrights under 17 U.S.C. § 501.

B.      That the Court issue a Preliminary Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

      i.      manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendants that is substantially similar to LA Gem's Pendants;

      ii.      destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

iii.     engaging in any other activity constituting an infringement of LA Gem's copyrights of LA Gem's Pendants.

C.     That LA Gem be awarded damages for Defendants' copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its unlawful infringement of LA Gem's copyrights; or (ii) statutory damages in an amount provided by law, as set forth in 17 U.S.C. § 504, at LA Gem's election before the entry of final judgment, together with prejudgment and post-judgment interest.

D.     That the Court issue a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using LA Gem's Pendants or any other jewelry that infringes LA Gem's copyrights.

E.     That the Court award LA Gem its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

F.     That the Court award LA Gem its costs of suit incurred herein.

G.     That LA Gem be awarded such other relief as may be appropriate.

Dated:  April 8, 2016                    Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

# **DEMAND FOR JURY TRIAL**

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated:  April 8, 2016                                     **MILORD & ASSOCIATES, P.C.**


/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**COMPLAINT – Jury Demand**