UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2422 SJO (MRWx) | Date | January 25, 2017 |
|---|---|---|---|
| Title | L.A. Gem & Jewelry Design v. Monogram Hub | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**     ORDER TO SHOW CAUSE

1.     Plaintiff filed a discovery motion that is not in the joint format mandated under the Local Rules. (Docket # 42.) The motion is accompanied by a statement that indicates that the defense did not provide its portion of the joint motion before the moving party filed it, and failed to confer in accordance with this Court's Local Rule 37-1. (Docket # 44.)

2.     A party's failure to file a required document within a deadline set by local rule or to cooperate in the submission of a joint discovery motion "may be deemed consent to the granting [ ] of the motion." Local Rule 7-12. Therefore, Defendants are ORDERED TO SHOW CAUSE for the failure to comply with the joint filing process and to submit a substantive response to the discovery motion by February 1, at 12:00 p.m. If the Court does not receive any submission, the motion will be granted as unopposed under local rule without further proceedings. The Court will also consider the award of expenses to the moving party as required under Federal Rule of Civil Procedure 37(a)(5).

3.     That said, the Court has real doubts about the significance of the discovery motion. As the Court best understands the repetitive, 100+ page, cut-and-paste pleading, Plaintiff's main concern is that Mr. Matalon improperly signed discovery requests on behalf of himself (he's not authorized to represent himself in propria persona) and his business (which can only appear through an attorney). That's a pretty weak basis for filing a motion in federal court – and seeking a five-figure fee award – when the discovery responses quite clearly are admissible at trial as party admissions to bind the defense.[1] See Fed. R. Evid. 801(d)(2).

---

[1]     A different analysis may apply to Mr. Matalon's dismissive responses to the requests for production of documents or his failure to properly counter the cut-and-paste motif by responding to the wrong interrogatories in this action. (Docket # 43-2 at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2422 SJO (MRWx) | Date | January 25, 2017 |
|---|---|---|---|
| Title | L.A. Gem & Jewelry Design v. Monogram Hub | | |

    4.    The parties are therefore directed to <u>immediately</u> meet with each other to discuss an appropriate resolution to this discovery matter.